# Exhibit 1

December 9, 2013 Defendants' Notice of Removal

*Shantelle Ford v. District of Columbia et al.*
Civil Action No. 13-cv-1960 (D.D.C.)



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

SHANTELLE FORD
Vs.                                          C.A. No.     2013 CA 007019 B
DISTRICT OF COLUMBIA

John Paprcka

**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge NEAL E KRAVITZ
Date:  October 16, 2013
Initial Conference: 9:30 am, Friday, January 17, 2014
Location:  Courtroom 219
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Shantelle Ford
_____
Plaintiff

vs.

District of Columbia, et al.
John Papncka
_____
Defendant

Case Number  13-0007019

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John F. Pressley Jr.
Name of Plaintiff's Attorney

7600 Georgia Ave. NW #42
Address
Wash, DC 20012

(202) 723-8800
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  10/16/13

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                          CASUM.doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

SHANTELLE FORD )
611 Edgewood St., N.E., Apt. No. 222 )
Washington, D.C. 20017 )
    Plaintiff )
)
)
v. ) Civil Action No.
)
DISTRICT OF COLUMBIA )
A Municipal Corporation ) 13 - 0 0 0 7 0 1 9
1350 Pennsylvania Ave N.W. )
Washington, DC 20004 )
)
Serve: Cynthia Brock-Smith )
    Secretary of District of Columbia )
    1350 Pennsylvania Ave N.W. )
    Washington, DC 20004 )
)
    Attorney General )
    441 4th Street, N.W. )
    Washington, D.C. 20001 )
)
    and )
)
OFF. JOHN PAPRCKA )
Metropolitan Police Department, 2D )
3320 Idaho Avenue, NW )
Washington, DC 20016 )
In his individual and official capacity )
    and )
)
OFF. JAMES T. BOVINO )
Metropolitan Police Department, 2D )
3320 Idaho Avenue, NW )
Washington, DC 20016 )
In his individual and official capacity )
    Defendants )
)

RECEIVED
Civil Clerk's Office
OCT 1 6 2013
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

COMES NOW, Plaintiff, Shantelle Ford, by and through her attorneys, John F. Pressley, Jr., Esq., and for her complaint against the defendants herein, alleges as

follows:

## I. INTRODUCTION

1. This is a civil action brought pursuant to federal civil rights law and the common law of the District of Columbia seeking monetary damages for, *inter alia*, violation of civil and constitutional rights.

## II. JURISDICTION

2. Jurisdiction of this court is based upon D.C. Code § 11-921 (2001 ed., as amended).

## III. THE PARTIES

3. The plaintiff, Shantelle Ford, at all times relevant to the complaint was a resident of the District of Columbia.

4. Defendant John Paprcka, at all times relevant to the complaint, was a District of Columbia Metropolitan Police detective.

5. Defendant James T. Bovino, at all times relevant to the complaint, was a District of Columbia Metropolitan Police officer.

## IV. STATEMENT OF FACTS

6. Plaintiff Shantelle Ford is a young woman who had been involved in a live in relationship with Rico Carr with whom she has a young son. Mr. Carr, however, had not been home recently, leaving Ms. Ford to wonder where he was.

7. Mr. Carr was later arrested for burglary by the Metropolitan Police.

8. Since that time plaintiff has had to function as a single parent to her 10 month old son.

9. Defendant Paprcka was assigned as a detective on the burglary case and subsequently searched the plaintiff's apartment at which time he had a search warrant. That search resulted in things being knocked over and Ms. Ford's home being trashed. After the search, Ms. Ford realized that a key to her apartment was missing.

10. Defendant Paprcka began to contact Ms. Ford regarding coming to police headquarters for questioning regarding the burglary.

11. Plaintiff, however, knew nothing about the burglary and indicated this to defendant Paprcka.

12. Despite defendant Paprcka being made aware of plaintiff's lack of knowledge about the case, defendant, nonetheless insisted that plaintiff come to police headquarters to be questioned regarding the case.

13. Plaintiff, meanwhile, had previously applied to the Metropolitan Police Cadet Program.

14. Defendant Paprcka, however, threatened the plaintiff and told her that he would make sure that she didn't get into the program if she did not cooperate with him.

15. Defendant continued to force Ms. Ford come to report to Police Headquarters two, three and four times a week to answer questions. However, on many occasions, Ms. Ford was required to sit some times for hours at a time and not even speak to defendant Paprcka.

16. Defendant issued a subpoena for plaintiff to appear for continued questioning, indicating on the subpoena that she was not to bring her son, notwithstanding

that she had no one to leave him with and as a result had to bring him to the continuing, useless interrogations.

17. Defendant Paprcka increasingly harassed the plaintiff, on occasion using derogatory racial slurs to refer to her.

18. Defendant Paprcka threatened to have a bench warrant issued, to charge the plaintiff with conspiracy, and to take away her son if she did not cooperate with him.

19. The morning of May 9, 2011 Ms. Ford was getting out of the shower and was frightened when she heard voices in the next room and what sounded like someone rustling papers.

20. As Ms. Ford tried to put on some clothes, she recognized the voice in the adjoining living room as that of defendant Paprcka.

21. Defendants Paprcka and Bovino had entered Ms. Ford's apartment without a warrant and without her permission.

22. Defendants' entry into Ms. Ford's apartment had been witnessed by the building security guard.

23. The defendants left the apartment prior to Ms. Ford coming out into the living room.

24. While in Ms. Ford's apartment defendant Paprcka had seen her before she had gotten fully dressed.

25. Ms. Ford soon heard a knock on the door of her apartment but didn't open the door.
4

26. The defendant police officers again illegally entered her apartment on their own accord, without the permission of Ms. Ford.

27. Ms. Ford was startled, frightened and taken aback by the bold and brazen actions of the defendants.

28. She asked defendant Paprcka why he had entered her apartment. Defendant Paprcka indicated that he had heard a baby crying.

29. Ms. Ford then invited the building security guard into her apartment and asked him if he had heard the baby was crying during the defendant's first entry into her apartment. The security guard, however, indicated that the baby was sleep at the time.

30. Ms. Ford indicated to defendant Paprcka that she knew that he had seen her as she got dressed. Defendant Paprcka responded "so what, I don't care".

31. Ms. Ford told defendants to leave her home because he didn't have a warrant. Defendant indicated that it didn't matter he heard the baby crying. Defendant Paprcka threw a subpoena on the floor before leaving the plaintiff's apartment.

32. Ms. Ford was very upset stating her distrust of the police and the fact that she did not feel safe in her home. She stated that she was going to file a complaint against defendant.

33. Defendant Paprcka, however, continuing to make threats said that he was going to prosecute Mr. Carr to the fullest.

34. Ms. Ford was so frightened after this incident she was afraid to stay in her apartment alone. She paid her uncle to stay with her in addition to staying with

friends.

35. Defendant Paprcka later requested that Ms. Ford testify before the grand jury.

36. Ms. Ford, however, told defendant Paprcka that if she testified she would tell the jury about the harassment by defendant. She was not thereafter called to testify.

37. After these experiences Ms. Ford was upset and depressed for the next two years. She was so thoroughly frightened of the police that even after she was robbed she didn't call them.

38. Ms. Ford later reported the incident and defendants to the Office of Police Complaints (OPC).

39. The defendants admitted to the OPC that they had entered Ms. Ford's apartment without a warrant, without probable cause and without the permission of Ms. Ford.

40. On June 12, 2013 the OPC officially sustained Ms. Ford's complaint and found the defendant's illegal entry into Ms. Ford's apartment to constitute harassment pursuant to Metropolitan Police General Order 120.25, Part III, Section B, No.2.

41. In addition, the OPC found that defendants' illegal entry into Ms. Ford's apartment violated her Fourth Amendment rights to be secure in her home.

### COUNT I
(42 U.S.C. §1983 - Paprcka, Bovino)

42. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 41 as if fully set forth herein.

43. Defendants Paprcka and Bovino, at all times relevant to the complaint, acted as

police officers under color of District of Columbia law.

44. The plaintiff had a reasonable expectation of privacy in her apartment.

45. Defendants Paprcka and Bovino illegally entered plaintiff's apartment without legal authority or probable cause and without the permission of the plaintiff.

46. Such illegal entry by the individual defendants violated plaintiff's Fourth Amendment right to privacy and her right to be secure in her home.

47. There was no exigent circumstance requiring that defendants enter the apartment without a warrant or other legal authority.

48. The right of plaintiff to be secure in her home without having to worry about the defendants illegally entering her home was well established at the time of defendants' illegal entry.

## COUNT II
(Invasion of Privacy - Paprcka, Bovino, District of Columbia)

49. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 48 as if fully set forth herein.

50. The plaintiff had a reasonable expectation of privacy in her apartment.

51. Defendants Paprcka and Bovino illegally entered plaintiff's apartment without legal authority and without the permission of the plaintiff.

52. Defendant Paprcka viewed the plaintiff before she was fully clothed.

53. Such actions by said defendants was an unlawful intrusion upon plaintiff's seclusion and right to privacy in her home.

54. Defendants' unlawful and disrespectful intrusion into plaintiff's home and privacy

was deeply personal and highly offensive.

55. At all times relevant to the actions alleged in the complaint, defendants John Paprcka and James Bovino worked within the scope of their employment with the District of Columbia Metropolitan Police Department.

### COUNT III
(Intentional Infliction of Emotional Distress - Paprcka, Bovino, District of Columbia)

56. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 55 as if fully set forth herein.

57. Defendants intentionally and deliberately inflicted emotional distress on plaintiff by

   a. illegally and surreptitiously entering her apartment twice in the early morning;

   b. without a warrant, probable cause, permission or knowledge of the plaintiff;

   c. observing the plaintiff while she was unclad;

   d. using racial slurs;

   e. continuing a pattern of threats and harassment.

58. Defendants knew or should have known that emotional distress was the likely result from such an unauthorized, surreptitious entry into the apartment of a single woman.

59. Defendants conduct was extreme and outrageous, unnecessary, and utterly intolerable in a civilized community governed by laws which regulate the

8

circumstances under which one may enter someone's home without their knowledge or permission.

60. The actions of the defendants caused plaintiff fear, mistrust of police officers and severe emotional distress and depression.

61. Defendant District of Columbia is liable under the doctrine of respondeat superior.

## COUNT IV
(Trespass - Paprcka, Bovino, District of Columbia)

62. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 61 as if fully set forth herein.

63. The individual defendants illegally entered plaintiff's apartment without legal authority and without the permission of the plaintiff.

64. The individual defendants invaded and disrupted the plaintiff's exclusive possession of her apartment.

65. At all times relevant to the actions alleged in the complaint, defendants John Paprcka and James Bovino worked within the scope of their employment with the District of Columbia Metropolitan Police Department.

## COUNT V
(Intentional Interference with Prospective Advantage - Paprcka, District of Columbia)

66. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 65 as if fully set forth herein.

67. At all times relevant to the actions alleged in the complaint, defendant John Paprcka worked within the scope of his employment with the District of Columbia Metropolitan Police Department.

68. Defendant Paprcka intentionally interfered with plaintiff's attempt to join the Metropolitan Police force as a cadet.

69. As a direct and proximate result of defendant Paprcka's interference, plaintiff lost the opportunity to join the Metropolitan Police force.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Shantelle Ford prays that this court:

a. Award plaintiff $1,000,000 in compensatory damages against all defendants;

b. Award plaintiff $500,000 in punitive damages against the individual defendants;

c. Award plaintiff costs against all defendants;

d. Award plaintiff attorney's fees against the individual defendants; and

e. Grant such other relief as it may deem just and proper.

Respectfully submitted,

/s/ John F. Pressley, Jr.

Dated: October 16, 2013

John F. Pressley, Jr. #379716
7600 Georgia Avenue, N.W., Suite 412
Washington, D.C. 20012
(202) 723-8800
jfpressley@verizon.net
*Attorney for Plaintiff*

JURY DEMAND

Plaintiff Shantelle Ford demands a trial by jury on all issues so triable.

/s/ *John F. Pressley, Jr.*
_____
John F. Pressley, Jr.